**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ANDREA COAXUM, Individually and as Parent and Natural Guardian of W.C. and T.C., her minor children, | : : : : | |
| | : | Civil Action No. 5:25-cv-00064 |
| and | : : | |
| JODI LYNN KOCH, ADMINISTRATOR OF THE ESTATE OF KATHY YOST, and JAMES YOST AND LINDA YOST, Attorneys-in-Fact on behalf of M.H., E.H., and P.H., minor children, | : : : : : | |
| | : | |
| Plaintiffs, | : : | |
| v. | : : | |
| NORTHWESTERN LEHIGH SCHOOL DISTRICT; WILLIAM DOVICO, Individually and as Principal of Northwestern Lehigh Middle School; AMY WAHL, Individually and as Assistant Principal of Northwestern Lehigh Middle School, | : : : : : : | |
| Defendants. | | |

**MEMORANDUM OPINION**

**Schmehl, J. - */s/ JLS***                                                  **MAY 21, 2026**

## I.   INTRODUCTION

Plaintiff Andrea Coaxum and her children W.C. and T.C. and Plaintiff Kathy Yost and

her children, M.H., E.H. and P.H. (together with W.C. and T.C. the "Minor Plaintiffs") bring this

action against Defendants, Northwestern Lehigh School District ("School District"), William

Dovico, and Amy Wahl (together with Mr. Dovico, the "Individual Defendants" and the

Individual Defendants with the School District the "School District Defendants"), alleging

violations of Title VI of the Civil Rights Act of 1964 (against the School District), violations of

the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution, 42 U.S.C. § 1983 ("Section 1983") (against the School District Defendants), and violations of the Americans with Disabilities Act, 42 U.S.C. §§ 12131-12134 (the "ADA") (T.C. against the School District). Before the Court is the School District Defendants' motion to dismiss Plaintiffs' Amended Complaint. Based upon the parties' submissions, the motion to dismiss will be denied.

## II.    BACKGROUND

The Minor Plaintiffs are bi-racial (Caucasian and African American) students in the School District. ECF No. 10, Am. Compl. ¶ 11. Minor Plaintiffs T.C., M.H., E.H., and P.H. were eighth grade Middle School students during the 2023-2024 school year. Minor Plaintiff W.C. was a tenth-grade student that year at the Lehigh Career Technical Institute but was transported by School District buses. *Id.* at ¶ 25. Defendant William Dovico was the Principal of the Middle School and Defendant Amy Wahl was the Assistant Principal of the Middle School during the 2023-2024 school year. *Id.* at ¶¶ 4-5. The minority student population at the School District is only 1.5% and less than 15 African American students, including the Minor Plaintiffs, attended the District's Middle School during the 2023-2024 school year. *Id.* at ¶¶ 13-14.

Plaintiffs allege the Minor Plaintiffs were subjected to a severe and ongoing pattern of racial harassment by fellow students during the 2023-2024 school year, and that the Defendants were repeatedly alerted to instances of racial harassment, discrimination and bullying occurring, including numerous instances of the Minor Plaintiffs being called the "n-word." *Id.* at ¶ 27(a)-(w). The Plaintiffs further allege that reports of racial discrimination and harassment by the Minor Plaintiffs and other minority students were not promptly investigated, and appropriate corrective and preventive action was not taken by the Defendants during the 2023-2024 school year. *Id.* at ¶¶ 35-37. Plaintiffs assert it was the practice and custom of the Defendants to fail to

properly address complaints of racial discrimination and harassment and to permit racially offensive and inappropriate speech and symbols, such as by allowing displays of the confederate flag and a swastika on School District property during the school day. *Id.* at ¶¶ 15-16. Additionally, Plaintiffs claim the Minor Plaintiffs received more severe punishments than non-minority students received for the same or similar conduct. *Id.* at ¶¶ 46- 47.

Plaintiffs also allege the School District discriminated against T.C., a special education student, based on his defined disability – Adjustment Disorder with Mixed Anxiety and Depressed Mood, Generalized Anxiety Disorder, and Depression. *See* ECF No. 10 at ¶¶ 60-61. Despite having knowledge that the medications required for his disability could cause drowsiness and result in T.C. falling asleep in school, the School District allowed educators to blow whistles in T.C.'s ear and require him to run "suicides" or "gassers" outside of class and in front of other students as a punishment for instances when he fell asleep in class. *Id.* at ¶¶ 63-64. Plaintiff Andrea Coaxum, T.C.'s parent, asserts she never consented to such a treatment plan, nor was it prescribed by any doctor or treating professional. *Id.* at ¶¶ 71-72. She further contends Defendant Dovico and Defendant Wahl were aware of the teachers' conduct and that conduct deprived T.C. of needed and necessary educational benefits and programs. *See id.* at ¶¶ 63-64.

## III.   <u>LEGAL STANDARD</u>

Motions to dismiss are governed by Federal Rule of Civil Procedure 12(b)(6).  If a plaintiff fails to state a claim upon which relief can be granted, the court may dismiss the action. Fed. R. Civ. P. 12(b)(6).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim of relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "Only a complaint that states a plausible claim for relief survives a motion to dismiss . .

. Threadbare recitals of the elements of a cause of action supported by mere conclusory statements, do not suffice." *Id.* at 678-79.  A claim satisfies the plausibility standard when the facts alleged "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Burtch v. Millberg Factors, Inc.*, 662 F.3d 212, 220-21 (3d Cir. 2011) (citing *Iqbal*, 556 U.S. at 678). While the plausibility standard is not "akin to a 'probability requirement,'" there nevertheless must be more than a "sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (*citing Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id. (quoting Twombly*, 550 U.S. at 557).

In *Connelly v. Lane Construction Corp.*, 809 F.3d 780, 787 (3d Cir. 2016), the Third Circuit instructed district courts to apply a three-step analysis to 12(b)(6) motions: (1) "it must 'tak[e] note of the elements [the] plaintiff must plead to state a claim;'" (2) "it should identify allegation that, 'because they are no more than conclusions, are not entitled to the assumption of truth;'" and, (3) "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief." (*quoting Iqbal*, 556 U.S. at 675, 679).  *See Burtch*, 662 F.3d at 221*; Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011); *Santiago v. Warminster Township*, 629 F.3d 121, 130 (3d Cir. 2010).

"In deciding motions to dismiss pursuant to [Fed. R. Civ. P.] 12(b)(6), courts generally consider only allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of the complaint." *Brown v. Daniels*, 128 F. App'x 910, 913 (3d. Cir. 2005) (internal citations omitted). A document forms the basis of a claim if it is "integral to or explicitly relied upon in the complaint" or if it is an "undisputedly authentic

document that a defendant attaches as an exhibit to a motion to dismiss [and] the plaintiff's claims are based on the document." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 184 F.3d 280, 287 (3d Cir. 1999) (emphasis and internal citations and quotations omitted); *see In re Asbestos Prods. Liab. Litig. (No. VI)*, 822 F.3d 125, 133 n.7 (3d Cir. 2016); *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014).[1]

## IV.    DISCUSSION

### A. Title VI Claim

Under Title VI, 42 U.S.C. § 2000d, "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." In Count I of their Amended Complaint, Plaintiffs allege the School District violated Title VI by failing to protect the Minor Plaintiffs from race-based harassment. A Title VI claim may be based on allegations of a racially hostile environment. *See Bridges v. Scranton Sch. Dist.*, 644 F. App'x 172, 179 (3d Cir. 2016).

---

[1] In their motion to dismiss, Defendants describe two third-party investigations paid for by the School District that assessed the School District Defendants' responses to the Plaintiffs' reports of racial harassment and resulted in "Investigative Reviews" which Defendants attached as Exhibits and substantially rely upon in their arguments.

A court may convert a motion to dismiss to one for summary judgment where matters outside the pleadings are presented to, and not excluded by, the court, and the court satisfies necessary notice requirements. *See In re Rockefeller Ctr. Properties, Inc. Securitites Litig.*, 184 F.3d 280, 287–88 (3d Cir. 1999) (explaining the process and requirements for converting a motion to dismiss). Some narrowly defined materials outside the pleadings may be considered without triggering conversion. *Id.*

The Court declines to convert Defendants' motion to dismiss to a motion for summary judgment and will not consider the attached exhibits because, as Plaintiffs argue in opposition to the motion, Plaintiffs' claims are not based on the documents, do not reference the documents, and largely contradict the findings presented in the documents. Conversion to a motion for summary judgment is not appropriate "where there has been little or no discovery conducted by the parties because the parties may not be able to present enough material to support or oppose a motion for summary judgment since no factual record has yet been developed." *Muniz v. Ganzler*, No. 13-4343, 2014 WL 4933018, at *2 (E.D. Pa. Sept. 30, 2014) (internal citations and quotations omitted).

In order to establish a "hostile environment" claim, a plaintiff must show that: 1) the school district was "deliberately indifferent" to known acts of harassment by teachers or peers; and 2) the harassment was "so severe, pervasive, and objectively offensive that it effectively bar[red] the victim's access to an educational opportunity or benefit." *Davis, as Next Friend of LaShonda D. v. Monroe County Bd. of Educ.*, 526 U.S. 629, 633, 648, 119 S.Ct. 1661, 143 L.Ed.2d 839 (1999). *See also Zeno v. Pine Plains Cent. Sch. Dist.*, 702 F.3d 655, 664–65 (2d Cir.2012).

Funding recipients may properly be held liable only if they are deliberately indifferent to harassment of which they have actual knowledge. *Davis*, 526 U.S. at 650, 119 S.Ct. 1661. "Constructive knowledge is not sufficient." *Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 273 (3d Cir. 2014). Additionally, a "school may be held liable for a Title VI claim of student-on-student racial discrimination [only] when the school's response is 'clearly unreasonable in light of the known circumstances.'" *Whitfield v. Notre Dame Middle Sch.*, 412 F. App'x 517, 521 (3d Cir. 2011) (quoting *Davis*, 526 U.S. at 648, 119 S.Ct. 1661).

The School District argues that the Investigative Reviews "demonstrate that the School District reasonably responded to reports of racial harassment." ECF No. 13-1, p. 11. The Court, however, is not considering those documents at this stage and finds the factual allegations in Plaintiffs' Amended Complaint sufficiently state a claim under Title IV. Plaintiffs allege that school administrators with authority to take corrective action had actual knowledge of ongoing harassment of the Minor Plaintiffs and were deliberately indifferent by unreasonably failing to respond.

**B.  Equal Protection Claim Against the School District**

Plaintiffs allege the School District committed violations of the Equal Protection Clause of the Fourteenth Amendment under Section 1983 through its custom and practice of deliberate indifference to the alleged racially hostile educational environment that caused Plaintiffs' injuries. *See* ECF No. 10 at ¶¶ 87-88. Plaintiffs further allege the School District failed to properly train their employees and/or agents on how to properly investigate and discipline claims of racial discrimination and harassment by other students. *Id*. at ¶ 89.

A § 1983 claim is comprised of two essential elements: (1) a person deprived the plaintiff(s) of a federal right; and (2) the person who deprived them of that right acted under color of state law. *Groman v. Twp. of Manalapan*, 47 F.3d 628, 633 (3d Cir. 1995) (citing *Gomez v. Toledo*, 446 U.S. 635, 640, 100 S.Ct. 1920, 64 L.Ed.2d 572 (1980)). A municipal entity may be held liable for a constitutional violation under § 1983 if the violation was a direct result of the entity's policy, custom, or practice. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). A plaintiff must demonstrate a "direct causal link" between the alleged constitutional violation and the municipal policy or custom. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989).

A custom can be established by showing that "a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law." *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990). The plaintiff must "identify a custom or policy, and specify what exactly that custom or policy was," as well as "allege conduct by a municipal decisionmaker." *McTernan v. City of York*, 564 F.3d 636, 658

(3d Cir. 2009). "Custom requires proof of knowledge and acquiescence by the decision maker." *Id.*

Failure-to-train claims must be based on allegations of "other failures and inadequacies by municipalities, including those related to supervision and discipline[.]" *Forrest v. Parry*, 930 F.3d 93, 105 (3d Cir. 2019) , *cert. denied sub nom*. Plaintiffs must establish "deliberate indifference on the part of the municipality" which "consists of a showing as to whether (1) municipal policymakers know that employees will confront a particular situation, (2) the situation involves a difficult choice or a history of employees mishandling, and (3) the wrong choice by an employee will frequently cause deprivation of constitutional rights." *Id.* (citing *Carter v. City of Philadelphia*, 181 F.3d 339, 357 (3d Cir. 1999)).

Plaintiffs' allegations of ongoing, significant race-based harassment during the 2023-2024 school year summarized in the Background section above are serious and extensive on their own, and Plaintiffs further bolstered their allegations of a custom of indifference to a racially hostile environment and a failure to train and supervise employees by including allegations involving the abuse of other minority students and an African American teacher in recent years prior to the 2023-2024 school year and the School District failing to act in response. *See* ECF No. 10 at ¶¶ 17-23.  At this stage of the litigation, the Court accepts Plaintiffs' allegations of a pattern of deliberate indifference to racial harassment and a failure to train employees as true and must allow the equal protection claim against the School District to proceed to discovery.

### C.  Equal Protection Claim Against the Individual Defendants

Count II of the Amended Complaint also brings equal protection claims against the Individual Defendants under § 1983. *See* ECF No. 10 at ¶¶ 82-91. Defendants argue the

Individual Defendants are entitled to qualified immunity. ECF No. 13-1, pp. 18-20. "The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 129 S. Ct. 808, 172 L.Ed.2d 565 (2009) (internal quotations and citations omitted). To determine whether qualified immunity applies, the Court considers two questions: (1) whether the official's conduct violated a constitutional or federal right; and (2) whether that right was "clearly established." *Ray v. Twp. of Warren*, 626 F.3d 170, 174 (3d Cir. 2010).

Although the Third Circuit has yet to address whether a school's deliberate indifference to student-on-student harassment violates the Fourteenth Amendment's Equal Protection Clause, several district courts within this Circuit have adopted the reasoning of the United States Court of Appeals for the Second Circuit in *Gant ex rel. Gant v. Wallingford Bd. of Educ.*, 195 F.3d 134, 140 (2d Cir. 1999). *See Williams v. Jersey Shore Area Sch. Dist.*, 673 F. Supp. 3d 688, 700 (M.D. Pa. 2023); *Dickerson v. Wallkill Valley Reg'l High Sch. Bd. of Educ.*, No. 19-cv-08450, 2020 WL 2847757, at *4, 2020 U.S. Dist. LEXIS 95584, at *10 (D.N.J. June 1, 2020); *George v. Bd. of Educ. of the Twp. of Millburn*, 34 F. Supp. 3d 442, 460-61 (D.N.J. 2014).

In *Gant*, the Second Circuit held that "schoolteachers, administrators, and boards of education can be held liable for race discrimination" under the Equal Protection Clause if the plaintiff demonstrates "deliberate indifference on the part of the defendants themselves." *Gant ex rel. Gant v. Wallingford Bd. of Educ.*, 195 F.3d at 140. To state a § 1983 equal protection claim of deliberate indifference to student-on-student racial harassment, a plaintiff must prove (1) that the child in question was in fact harassed by other students based on his race; (2) that such race-based harassment was actually known to the defendant school official; and (3) that the

defendant's response to such harassment was so clearly unreasonable in light of the known circumstances as to give rise to a reasonable inference that the defendant himself intended for the harassment to occur. *DiStiso v. Cook*, 691 F.3d 226, 241 (2d Cir. 2012) (internal citations and quotation marks omitted).

A right is clearly established when "[t]he contours of the right [are] sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Good v. Dauphin County Soc. Servs. for Children & Youth*, 891 F.2d 1087, 1092 (3d Cir. 1989). Government actors are entitled to qualified immunity unless they violate a constitutional right "so clearly established that 'every reasonable official would have understood that what he was doing violates that right.'" *Zaloga v. Borough of Moosic*, 841 F.3d 170, 175 (3d Cir. 2016) (quoting *Reichle v. Howards*, 566 U.S. 658, 659 (2012)). Here, the right at issue is a student's right not to be racially discriminated against by and through the acts and omissions of school officials. Therefore, the "ultimate question is whether the state of the law when the offense occurred" gave the Individual Defendants "fair warning" that their conduct violated this right. *L.R. v. Sch. Dist. of Philadelphia*, 836 F.3d 235, 247 (3d Cir. 2016).

In *Dickerson*, plaintiffs sued a school board and the school's principal alleging that a minor plaintiff student was subjected to severe race-based harassment during a basketball game and that his father was ejected from the game for reacting to the bullying. No. 19-cv-08450, 2020 WL 2847757 at *1 (D.N.J. June 1, 2020). Judge Hayden noted that relevant caselaw in the Third Circuit is limited but ruled that the plaintiffs were "entitled to proceed past the pleadings without being cut off by overly energetic application of the 'clearly established' requirement given the highly charged and very public circumstances laid out in the complaint." *Id.* at *7.

At this stage, the Court will not grant qualified immunity so that Plaintiffs have the chance to uncover evidence that may support their constitutional claims. Plaintiffs have pled sufficient facts to support a finding that the Individual Defendants' alleged failure to meaningfully respond to egregious, ongoing race-based harassment at the school was so unreasonable that one may infer they acted with deliberate indifference. The equal protection claims against the Individual Defendants will therefore proceed to the discovery stage.

### D.  ADA Claim

Title II of the ADA prohibits discrimination against individuals with disabilities. 42 U.S.C. § 12132. In Count III of the Amended Complaint Plaintiffs bring an ADA claim against the school district on behalf of minor plaintiff T.C., a student with a defined disability. *See* ECF No. 10 at ¶¶ 92-99. To establish an ADA disability discrimination claim, a plaintiff must show: (1) he has a disability or was regarded as having a disability; (2) he was "otherwise qualified" to participate in school activities; and (3) he was "denied the benefits of the program or was otherwise subject to discrimination because of his disability." *Chambers ex rel. Chambers v. Sch. Dist. of Phila. Bd. of Educ.*, 587 F.3d 176, 189 (3d Cir. 2009). A plaintiff seeking compensatory damages, as Plaintiffs do here, must also demonstrate the discrimination was intentional, which can be satisfied by establishing deliberate indifference. *D.E. v. Cent. Dauphin Sch. Dist.*, 765 F.3d 260, 269 (3d Cir. 2014).  Deliberate indifference requires a deliberate choice and cannot be established by mere negligence or bureaucratic inaction. *Id.*

The Amended Complaint contains sufficient factual allegations to plead deliberate indifference and describes affirmative conduct. As described in the background section above, T.C. was allegedly receiving "treatment" in the form of multiple teachers blowing whistles in his

ear and forcing him to run in front of his peers, subjecting him to embarrassment and creating a spectacle in response to side effects of a medication he takes for his disability. Plaintiffs further claim T.C. had an IEP and the School District both knew of his disability and knew that medication he takes for his disability causes drowsiness. *See* ECF No. 10 at ¶¶ 61-62; ECF No. 14-1 at p. 21. The Amended Complaint further alleges that a concerned parent of T.C.'s classmate reached out to the school guidance counselor after learning about these incidents, and that the guidance counselor seemed to find the approach amusing and falsely claimed that T.C.'s parents knew and approved of such conduct by his teachers. *See* ECF No. 10 at ¶¶ 66-67. These detailed allegations involving inappropriate conduct by multiple employees of the School District sufficiently state an ADA claim against the School District.

## IV.   **CONCLUSION**

For the reasons stated above, Defendants' Motion to Dismiss will be denied, and Plaintiffs' claims shall proceed to discovery.[2]

---

[2] By requesting at the outset that the Court convert the Motion to a Rule 56 motion for summary judgment, Defendants implicitly acknowledged they cannot prevail at this stage without relying upon the Investigative Reviews or other documents outside the pleadings.